■ In the Matter of the Claim of JENNIFER A. ROBINSON, Appellant. COMMISSIONER OF LABOR, Respondent. [781 NYS2d 806]—

Appeal from a decision of the Unemployment Insurance Appeal Board, filed November 24, 2003, which ruled that claimant was disqualified from receiving unemployment insurance benefits because she was terminated due to misconduct.

Claimant was discharged from her position as a senior sales associate at a retail store after she refused to release a paycheck to a part-time sales associate despite being directed to do so by an assistant manager. Claimant admitted that she refused to release the check, explaining that she did so after the part-time sales associate made a negative comment concerning claimant's pregnancy in the presence of a customer and another employee. The Unemployment Insurance Appeal Board ruled that claimant was ineligible to receive unemployment insurance benefits because she lost her employment due to misconduct. She now appeals.

Upon reviewing the record, we find that substantial evidence supports the Board's decision. It is well settled that an employee's failure to comply with a supervisor's reasonable instructions can constitute disqualifying misconduct (*see Matter of Seguin [Sweeney]*, 244 AD2d 747, 747 [1997]; *Matter of Madison [Hudacs]*, 201 AD2d 824, 824 [1994]). Here, claimant does not dispute that she refused her assistant manager's directive to release the check and also declined to speak with her manager about the matter over the telephone. The fact that she was upset with the part-time sales associate does not excuse her behavior. Accordingly, we find no reason to disturb the Board's decision.

Mercure, J.P., Peters, Carpinello, Mugglin and Kane, JJ., concur. Ordered that the decision is affirmed, without costs.